UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARY SANDIFER, AMANDA                                   CIVIL ACTION
SANDIFER AND RYAN SANDIFER

VERSUS                                                  NO. 12-322-SDD-RLB

HOYT ARCHERY, INC. ET AL.

## RULING ON DEFENDANTS' MOTION TO COMPEL

Before the Court is a Joint Motion to Compel Production of File of Plaintiffs' Proposed Expert, Robert Ragsdale (Motion) filed by Defendants Hoyt Archery, Inc. and Admiral Insurance Company. (R. Doc. 59). Plaintiffs filed an Opposition (R. Doc. 69) to the Motion and Defendants filed a Reply (R. Doc. 75). For the reasons discussed below, Defendants' Motion is **DENIED**.

### I. BACKGROUND

Plaintiffs filed this wrongful death and survival action on behalf of Dr. Alan Sandifer who died following a head injury that occurred while using a compound bow manufactured by Defendant, Hoyt Archery, Inc. (R. Doc. 1-1). In the course of discovery, Plaintiffs retained and submitted the report of "an engineering and bow design expert," Mr. Robert Ragsdale. (R. Doc. 69 at 2). Mr. Ragsdale's report (Sandifer Report) references an allegedly similar Hoyt compound bow-related death that occurred in California (Feddersen Incident). Mr. Ragsdale prepared a report, similar to the Sandifer Report, in connection with the Feddersen Incident

(Feddersen Report).[1] On January 6, 2014, Plaintiffs provided their biochemical engineer expert, Dr. Gautam Ray, with an advanced copy of Mr. Ragsdale's Sandifer Report. (R. Doc. 59-3 at 4); (Ray Dep., R. Doc. 75-1 at 3-4). The Sandifer Report was provided to Defendants on January 21, 2014. (R. Doc. 59-2); (R. Doc. 75-1 at 4). Dr. Ray's expert report makes several references to the Sandifer Report (R. Doc. 59-3 at 9-10), and Dr. Ray testified that he spoke with Mr. Ragsdale on a couple of occasions (R. Doc. 75-1 at 6).

The Feddersen Report was discussed during Mr. Ragsdale's May 5, 2014 deposition. (R. Doc. 59-4 at 2-3). Plaintiffs' counsel explained they would obtain a copy of the Feddersen Report and provide it upon Defendants' request. (R. Doc. 59-4 at 3, 9). On May 23, 2014, Plaintiffs informed the Court that their engineering and bow design expert, Mr. Ragsdale, had resigned from the case due to personal reasons. (R. Doc. 43 at 1). Plaintiffs are now unwilling to provide a copy of the Feddersen Report (R. Doc. 69 at 5-6) because they will no longer offer Mr. Ragsdale's testimony at trial and the Sandifer Report will no longer be submitted (R. Doc. 58).

## II. DISCUSSION

### A. Substantive Issues

Defendants suggest that Mr. Ragsdale's resignation is immaterial because: "Whatever Ragsdale opined, and the bases for those opinions, are still at issue because of the frequent references by Dr. Ray. It is apparent that Dr. Ray relied, in part, on the documents from the [Feddersen Incident] as part of his investigative materials." (R. Doc. 59-1 at 3). The "documents from the [Feddersen Incident]" referenced by Defendants include Mr. Ragsdale's "Investigative Report of January 6, 2014," along with 5 other documents, not authored by Mr. Ragsdale, associated with the Feddersen Incident. (R. Doc. 59-1 at 3). As Plaintiffs have made clear,

---

[1] Plaintiffs and their counsel otherwise have no connection to the Feddersen Incident, beyond their retention of Mr. Ragsdale.

however, the 5 other Feddersen documents are already in Defendants' possession as those documents were actually provided as part of Defendants' discovery responses. (R. Doc. 69 at 3-4). The only question before the Court, therefore, is whether Plaintiffs should now be compelled to produce the Feddersen Report prepared by their former-expert, Mr. Robert Ragsdale, in connection with the Feddersen Incident. The Court answers this question in the negative.

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure generally requires all testifying experts to provide a "written report." The report must include "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii).

Discussing the "considered" materials that must accompany the report, the 1993 Advisory Committee Note to Rule 26(a)(2)(B) explains:

> The report is to disclose the data and other information considered by the expert and any exhibits or charts that summarize or support the expert's opinions. Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions--whether or not ultimately relied upon by the expert--are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.

Based on this note, courts have consistently required disclosure of the materials provided to testifying experts without consideration of the expert's actual reliance on any particular information. *See, e.g.*, *Estate of Manship v. U.S.*, 236 F.R.D. 291, 295 (M.D. La. 2006) ("Rule 26(a)(2)(B) exceeds the more narrow definition of relied upon, referring instead to any information furnished to a testifying expert . . . even if such information is ultimately rejected"), *vacated in part by*, 237 F.R.D. 141 (M.D. La. 2006) (vacating award of attorney's fees as an unfair sanction); *TV-3 Inc. v. Royal Ins. Co. of America*, 193 F.R.D. 490, 492 (S.D. Miss. 2000) ("We further interpret the word 'considered' . . . to encompass . . . all documents . . . reviewed by the experts in connection with the formulation of their opinions, but ultimately rejected or not

3

relied upon."); *Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 751 (7th Cir. 2005) ("A testifying expert must disclose and therefore retain whatever materials are given him . . . even if in the end he does not rely on them . . . , because such materials often contain effective ammunition for cross-examination.").[2]

As it now stands, none of the experts currently retained in this case have reviewed the Feddersen Report, placing it outside the scope of Rule 26(a)(2)(B). The only person that has reviewed the Feddersen Report is Mr. Ragsdale, who wrote the report but is no longer a retained expert. If he were, the Feddersen Report would be discoverable under Rule 26(a)(2)(B), as Ragsdale clearly reviewed the Feddersen Report in forming his opinion in this case. Despite Defendants' confusion, the "Ragsdale Investigative Report – January 6, 2014" reviewed by Dr. Ray is the same Sandifer Report prepared by Dr. Ragsdale and provided to Defendants on January 21, 2014. Both Plaintiffs (R. Doc. 69 at 4-5) and Dr. Ray (R. Doc. 75-1 at 3-4, 6) have consistently explained that Dr. Ray was not provided the Feddersen Report.[3] And so, production of the Feddersen Report is not required under Rule 26(a)(2)(B). The Feddersen Report, therefore, is only subject to discovery if it otherwise falls within the scope of Rule 26(b)(1).

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484 (5th Cir. 1990) (A

---

[2] In 2010, the Supreme Court amended Rule 26 to require disclosure of the "facts or data considered" by the expert, as opposed to "data and other information," as required by the 1993 version. The 2010 amendment, however, had no bearing on the definition of "considered" as it existed in 1993. Instead, the "refocus of disclosure on 'facts or data' is meant to limit disclosure . . . by excluding theories or mental impressions of counsel." Committee Note to 2010 amendment to Rule 26 (The amendment is intended "to alter the outcome in cases . . . requiring disclosure of all attorney-expert communications and draft reports."). With that exception, the required disclosure of factual materials furnished to the expert remains the same.

[3] While the record supports Plaintiffs' contention that Dr. Ray has not seen the Feddersen Report, the Court advises that in the event Dr. Ray was ever provided with the Feddersen Report, Rule 26(a)(2)(B) would mandate its disclosure to Defendants.

4

relevant discovery request seeks information that is "either admissible or 'reasonably calculated to lead to the discovery of admissible evidence.'") (quoting Fed. R. Civ. P. 26(b)(1)).

Defendants first suggest the Feddersen Report is relevant to its "cross examination of Dr. Ray," who "relied extensively on Mr. Ragsdale's report." (R. Doc. 59-1 at 3). Again, Dr. Ray only relied on the Sandifer Report prepared by Mr. Ragsdale in this case. That report has been provided to Defendants. The contents of the Feddersen Report, prepared by another expert in a separate case, presumably containing that expert's opinion, and never reviewed by Dr. Ray, is not a proper or relevant basis to cross examine Dr. Ray.

Alternatively, Defendants argue the Feddersen Report is relevant to the extent Plaintiffs intend to argue that the Feddersen Incident and this case "are similar or connected in any way." (R. Doc. 59-1 at 3). Plaintiffs have been forthcoming about their intent to present evidence of the "remarkably similar" Feddersen Incident. (R. Doc. 75 at 5). However, Plaintiffs are equally clear that they only intend to present "information regarding the facts and circumstances of the incident itself" — the same information obtained from Defendants during discovery. (R. Doc. 75 at 6). Plaintiffs argue, and the Court agrees, that Defendants are not requesting "facts or actual information regarding the Feddersen incident itself which would be discoverable," if they weren't already in Defendants' possession. Instead, Defendants want to discover "discrepancies or perceived flaws in Mr. Ragsdale's *expert analysis* of those [Feddersen] facts already known" to Defendants. (R. Doc. 75 at 6). Given that Mr. Ragsdale is no longer an expert in this case, the Feddersen Report is neither relevant nor is it likely to lead to the discovery of admissible evidence.

## B. Procedural Issues

In addition to the substantive reasons already discussed, there are several overlooked procedural errors that independently warrant denial of Defendants' Motion. First, Defendants compel production of the Feddersen Report from Plaintiffs, "[s]ince plaintiff's attorney has possession" of the document. (R. Doc. 72 at 4 n.8) ("In the alternative, the defendants could subpoena Ragsdale to obtain this file material," but since Plaintiffs have the document, "production should be ordered."). But denial is warranted as Defendants have not provided to the Court or otherwise indicated that they made a formal discovery request to Plaintiffs under Rule 34 to produce the document.[4] *See SJB Grp., LLC v. TBE Grp., Inc.*, No. 12-181, 2013 WL 2928214, at *3 (M.D. La. June 13, 2013) ("a court may not compel the production of documents under Rule 37 unless the party seeking such an order has served a proper discovery request on the opposing party"); *Tx. Democratic Party v. Dallas County, Tx.*, No. 08-2117, 2010 WL 5141352, at *2 (N.D. Tex. Dec. 9, 2010) ("Whether the documents are relevant . . . is of no significance absent a proper request for production. Likewise, defendants have no duty to object to an informal discovery request," made in a letter from opposing counsel, "that does not comply with Rule 34.").

Instead, Defendants only formally requested the Feddersen Report through a Rule 45 subpoena (R. Doc. 59-4 at 4), served on Robert Ragsdale in Willis, Texas, asking him to produce the Feddersen Report in Metairie, Louisiana. (R. Doc. 59-1 at 1-2) ("A subpoena was sent to

---

[4] Because the Feddersen Report was not provided to Plaintiffs' expert, Dr. Ray, it falls outside the scope of mandatory expert production under Rule 26(a)(2)(B), and therefore constitutes fact discovery. Even if the Court considered Defendants' request for the document as a formal request to Plaintiffs under Rule 34, it would be untimely, as fact discovery closed on February 14, 2014. Defendants' Motion to Compel would be untimely for the same reason. *See, e.g., Vann v. Gilbert*, 482 F. App'x 876, 878-79 (5th Cir. 2012) (district court did not abuse its discretion in denying plaintiff's motion to compel filed after the close of discovery, where deadline had already been extended and plaintiff offered no explanation for not timely requesting discovery).

Ragsdale on or about May 7, 2014 . . . .").[5] If the basis for Defendants' Motion to Compel is the Rule 45 subpoena, the Motion is improper for additional reasons. Rule 45(c)(2)(A) allows for the issuance of a subpoena to produce documents, but limits those subpoenas to commanding production "at a place within 100 miles" of the subpoenaed non-party. A subpoena requiring a nonparty to produce documents at a place more than 100 miles away is invalid. *See* Fed. R. Civ. P. 45(d)(3)(A)(ii) (a court must quash or modify a subpoena that does not comply with Rule 45(c)).

Finally, the motion was not properly filed in the Middle District of Louisiana. Rule 45(g) of the Federal Rules of Civil Procedure requires a motion regarding non-compliance with a subpoena to be filed with "the court for the district where compliance is required." Fed. R. Civ. P. 45(g). Rule 37(a)(2) likewise provides that a "motion for an order to a nonparty must be made in the court where the discovery is or will be taken." Defendants' Rule 45 subpoena issued from this Court, but commanded Mr. Ragsdale, in Texas, to produce documents in Metairie, Louisiana. Neither is located in the Middle District of Louisiana. Any motion by Defendants to compel Mr. Ragsdale's compliance with a Rule 45 subpoena should have first been filed in the district where the discovery is or will be taken or where compliance is required.[6]

---

[5] Defendants have provided the Court with the front of the subpoena and the attached request for documents. (R. Doc. 59-4). However, proof of service indicating how, where, and when the subpoena was served on Mr. Ragsdale is not included along with the subpoena attached to Defendants' Motion to Compel.
[6] The motion could then be transferred to the issuing court pursuant to Rule 45(f).

## III. CONCLUSION

For the reasons discussed above, Defendants' Motion to Compel (R. Doc. 59) is **DENIED**.

Signed in Baton Rouge, Louisiana, on July 17, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**